IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| IRVIN A. HARRISON | § | |
| and NANCY CAROL HARRISON | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-13-305 |
| | § | |
| FIDELITY NATIONAL PROPERTY | § | |
| AND CASUALTY INSURANCE CO. | § | |

## PRELIMINARY FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

Before the Court, by referral from the Honorable Gregg Costa, United States Circuit Judge, Sitting by Designation, is the Motion to Allocate Settlement Funds of Plaintiffs, Irvin A. Harrison and Nancy Carol Harrison; the Motion seeks an Order awarding Plaintiffs the entire settlement amount to be paid by Defendant, Fidelity National Property and Casualty Insurance Company, for hurricane damage to property they owned when Hurricane Ike made landfall in 2008. The Motion is opposed by Intervenor, Bank of America, N.A. (BoA); Intervenor seeks an Order awarding it a substantial portion of the settlement fund. The matter has been briefed and argued and is now ripe for initial determinations. Accordingly, the Court now issues its Preliminary Findings of Fact and Conclusions of Law.

## RELEVANT HISTORY

On March 28, 2007, the Plaintiffs executed a Promissory Note and Deed of Trust in favor of America's Wholesale Lender (AWL) to secure a $475,000.00 loan to refinance their home and property at 3020 Carioca Court in Crystal Beach, Galveston County, Texas. The

property, at all relevant times, was insured under a Standard Flood Insurance Policy (SFIP) issued by Fidelity, a WYO carrier with the National Flood Insurance Program.

On September 12, 2008, Hurricane Ike struck Galveston County and caused substantial damage to Plaintiffs' property. In the aftermath of Hurricane Ike, the Plaintiffs failed to make their mortgage payments. On May 6, 2011, AWL assigned the Deed of Trust to BoA. On December 6, 2011, BoA foreclosed on the property. BoA's purchase of the property at the foreclosure sale resulted in a loan deficiency of about $228,000.00. Under the terms of the Deed of Trust, upon foreclosure the Plaintiffs' rights to any property insurance proceeds were assigned to BoA, up to the amount of the loan deficiency.

Despite the foreclosure, on August 22, 2013, the Plaintiffs, who no longer had an interest in the real property, sued Fidelity for property and contents damage caused by the hurricane. BoA was not notified of the lawsuit, it did not learn of it, and, admittedly, it did not attempt to pursue any claim against Fidelity during its ownership of the property.

On or about April 17, 2014, the Plaintiffs and Fidelity reached an amicable settlement amount and Fidelity waived any of its defenses and agreed to settle the case for about $72,000.00. Unfortunately, for Plaintiffs, the SFIP required Fidelity to include BoA as a payee on the settlement check which barred complettion of the settlement without a written waiver of BoA's interest. This impasse prompted the filing of the instant Motion to Allocate on June 24, 2014.

Ultimately, after conferences with counsel of record, this Court, with the agreement of the Parties, issued a Monition to BoA giving BoA an opportunity to assert any interest it had to the settlement funds or be forever barred from doing so. On September 19, 2014, BoA filed a "Motion to Join" the lawsuit and an opposition to the Motion to Allocate. After a Hearing on October 29, 2014, this Court granted BoA's Motion to Join to assure it would be bound by the Court's rulings. Final briefing on the Motion to Allocate was submitted by BoA on November 7, 2014, and the Motion is ripe.

## LIMITATIONS

Plaintiffs first argue that the two-year statute of limitations for filing suit to collect a post-foreclosure deficiency, Tex. Prop. Code § 51.003, precludes BoA from asserting a claim to any of the insurance proceeds. But this argument misses the mark. The deficiency has not been satisfied, so BoA has maintained its status as a mortgagee under the insurance policy. U.S. Bank National Association v. Safeguard Insurance Co., 422 F.Supp. 2d 658, 708-09 (N.D. Tex. 2006) After the foreclosure BoA, as assignee of any property insurance proceeds, was the only party with an interest to any insurance proceeds for real property damage. The Plaintiffs no longer had an interest in the real property and, therefore, lacked standing to sue Fidelity for the property's damages. Stated another way, they no longer suffered any injury-in-fact, a necessary element for standing to exist. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992) On the other hand, by virtue of the assignment BoA, as mortgagee, has standing to sue by asserting its own legal rights to the insurance proceeds to reduce the existing mortgage debt. Cf. Spring Communications Co., L.P. v.

APCC Services, Inc., 554 U.S. 569, 585 (2008)  Consequently, the only limitations period relevant to BoA, as an intervening Plaintiff, is that period contained in the SFIP providing that suit on the policy must be filed within one-year of the denial of a claim. Fortunately, for BoA, Fidelity is not raising any limitations defense; it has waived that defense by offering to settle the claim.

The Plaintiffs, of course, had standing to sue for damages to their personal property, which gave the Court jurisdiction over the lawsuit. Department of Commerce v. United States House of Representatives, 525 U.S. 316, 329 (1999) (The presence of one party with standing assures that the controversy before the Court is justiciable.) Under the unusual circumstances in this case, it seems that no jurisdiction initially existed over the "tag-along" real property claim, but with the intervention of BoA that jurisdictional defect has now been cured. Cf. Port of Astoria, Oregon v. Hodel, 595 F.2d 467, 475-76 (9th Cir. 1979) (Where separate claims are joined in the same complaint, at least one plaintiff must have standing on each claim joined.)  The Court, therefore, has jurisdiction to entertain this dispute.

## ESTOPPEL

In the alternative, Plaintiffs argue that BoA should be estopped from asserting an interest in the funds. BoA has not briefed this issue but the Court finds the Plaintiffs' argument unpersuasive. First, the argument seems irrelevant since, as shown above, the Plaintiffs have no interest in the insurance proceeds for the property damages.

The lack of standing aside, the Plaintiffs cannot establish all of the elements of estoppel. There was no actionable misrepresentation made by BoA. According to the Plaintiffs, BoA "misrepresented its deficiency interest and intention to pursue any alleged interest by waiting almost three years after the date of the foreclosure to pursue the alleged deficiency." Plaintiffs have offered no case law in support of their "misrepresentation by inaction" argument, but more importantly, BoA is not seeking a deficiency judgment against the Plaintiffs. BoA is merely pursing its own interest against its portion of the settlement fund. Doing so is not a misrepresentation at all. In fact, it appears that the Plaintiffs may have been misrepresenting their interest in the insurance proceeds to Fidelity during the pendency of this case.

Even if BoA's inaction were found to be a misrepresentation, of sorts, the Plaintiffs' alleged reliance is baseless: BoA's failure to timely pursue its interest in the insurance proceeds did not cause that stale interest to revert to the Plaintiffs and create standing to sue.

Finally, while the Court recognizes the apparent "unfairness" of depriving the Plaintiffs of the insurance proceeds they fought long and hard to recover and the resultant windfall for BoA, the Plaintiffs knew, or should have known, they had no legal right to pursue the proceeds following the foreclosure sale. After all, estoppel is an equitable remedy and it would not be equitable to allow the Plaintiffs to keep any ill-gotten insurance proceeds belonging to BoA. As long as Fidelity is willing to waive its limitations defense as to BoA,[1]

---

[1] The Court expresses no opinion on whether the settlement between Fidelity and the Plaintiffs bars Fidelity from asserting a limitations defense against BoA in this reinstated case. Cf. Kontrick v. Ryan, 540 US. 443, 458-59 (2004)

5

that portion of the settlement fund, if any, representing structural and real property damage should be paid to BoA.

## CONCLUSION

The end result, in the opinion of this Court, is that BoA is entitled to that portion of the settlement for damages to the structure and real property. Because the settlement fund is unallocated, it will be necessary, as a prelude to the issuance of a complete Report and Recommendation to the District Court, to determine the amounts of the fund attributable to building and real property damage and to the personal property of the Plaintiffs. To address that matter, the Court **WILL** set a Scheduling Conference to discuss the necessary procedures to accomplish that task.

**DONE** at Galveston, Texas, this ___3rd___ day of December, 2014.

_____
John R. Froeschner
United States Magistrate Judge